JONES, Justice.
This case evolves from a dispute over the interpretation of Code 1975, § 36-21-10, enacted on May 24, 1984. The purpose of the Act was to establish a minimum starting salary of $1,300 per month for “all law enforcement officers employed by any county of this state who is [sic] employed as a full-time law enforcement officer.”
The Plaintiffs were all employed by the Houston County Sheriff’s Department pri- or to the enactment of this legislation. Each had qualified for employment by the Houston County Sheriff’s Department pri- or to the enactment of this legislation. Each had qualified for employment by the Sheriff’s Department in accordance with Code 1975, § 36-21-46, which established *322 • “[mjinimum standards for applicants and appointees for employment as law enforcement officers.”
The Houston County Commission refused to pay Plaintiffs the minimum starting salary established by § 36-21-10, because these individuals performed duties other than standard patrolling and investigative work. Specifically, these Plaintiffs served as warden, jailer, and radio dispatcher. These Plaintiffs, however, were trained law enforcement officers who were employed in full-time capacities by a county law enforcement agency, and were therefore incontrovertibly under the auspices of § 36-21-10.
On November 19, 1984, the trial court granted summary judgment for Plaintiffs and issued a writ of mandamus directing the Houston County Commission to pay the increase in salary for the period from May 24, 1984, the date of enactment, to November 1, 1984, the date of the County’s voluntary compliance with the statute. In addition, the Court ordered the county commission to reimburse Plaintiffs for their court costs.
We affirm the judgment and remand the cause for the entry of a money judgment for each Plaintiff, including interest thereon at a rate of 6% per annum from May 24, 1984, to November 1, 1984, and at the rate of 12% per annum from November 20, 1984, to the date of satisfaction thereof — the cost of this appeal to be borne by the Defendants/Appellants.
JUDGMENT AFFIRMED AND CAUSE REMANDED FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH THIS OPINION.
MADDOX, FAULKNER, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
SHORES, J., not sitting.